UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA L. WHITAKER

    Plaintiff,

V.                                          CIVIL ACTION NO.

NATIONAL CREDIT SOLUTIONS, L.L.C.

    Defendant.                              APRIL 27, 2010

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Donna L. Whitaker, as an individual consumer, against Defendant National Credit Solutions, L.L.C., Inc. hereinafter ("NCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Donna L. Whitaker is a natural person residing in the Town of Laurel, County of Anne Arundel, and State of Maryland.

4. Defendant, NCS, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 3680 E. 1240 Service road, Oklahoma City, OK.

5. Defendant NCS is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant NCS is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff contacted the Defendant by telephone on March 16, 2010.

9. Plaintiff spoke to Defendant NCS employee who identified himself as Mr. John.

10. Defendant's employee Mr. John failed to provide the required notice pursuant to 15 U.S.C. 1692 e(11).

11. Plaintiff advised the Defendant through its employee Mr. John that she wanted to orally dispute the alleged debt.

12. Defendant's employee Mr. John advised the Plaintiff that she could not dispute the debt because NCS does not accept oral disputes as the FDCPA does not permit.

13. Defendant's employee Mr. John stated that he intended to continue to report the alleged debt to the credit bureaus without note of Plaintiff's dispute.

14. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e.

15. Based on a credit monitoring company Ms. Whitaker pays monthly she was informed on March 25, 2010 that her credit had a derogatory report on it. The defendant reported the alleged debt, despite knowledge that the debt was disputed without note of the consumers dispute in direct violation of §1692e (8).

19. The Defendant violated MD regulations and the FDCPA when it failed to report a known disputed debt intentionally, just as the Defendants employee told the Plaintiff he would do in his conversation with Plaintiff dated March 16, 2010.

20. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

22. Defendant NCS violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

(c) Violation of §1692e (11).

(d) Violation of §1692f.

23. As a result of the foregoing violations of the FDCPA, Defendant NCS is liable to the Plaintiff for declaratory judgment that NCS conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant NCS for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com